UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHARISSE S. MOORE,

                Plaintiff,

      -against-

KPMG, *et al.*,

               Defendants.

24-CV-5471 (JPO)

OPINION AND ORDER

---

J. PAUL OETKEN, United States District Judge:

    Plaintiff Charisse S. Moore, proceeding *pro se*, brings this action against Defendants KPMG and Brenda Cecilia Duenas Hills, invoking the Court's federal question jurisdiction. While neither defendant has yet been served, KPMG has moved to dismiss the case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 6 at 8.) For the reasons that follow, the Court grants KPMG's motion to dismiss as to itself, and dismisses the Complaint *sua sponte* as to Hills.

**I.    Background**

    The following facts are drawn from Plaintiff's Complaint (ECF No. 1 ("Compl.")), and documents integral to it, *see Sira v. Morton*, 380 F.3d 57, 67 (2d Cir.2004), and are presumed true for purposes of this opinion. All reasonable inferences are drawn in Plaintiff's favor. *Fink v. Time Warner Cable*, 714 F.3d 739, 740-41 (2d Cir. 2013).

    Moore's allegations concern what she labels a "Multi-Year Targeting, Hacking and Stalking" scheme. (Compl. at 18.) Many of Moore's allegations overlap with those in a related case that this Court recently dismissed as frivolous. *See Moore v. Fox News*, No. 24-CV-5470 (S.D.N.Y. July 15, 2024), ECF No. 8. The Court incorporates its discussion of the factual allegations in that case, *id.* § I, and here focuses only on those allegations unique to the named

1

defendants in this case. In the interest of judicial economy, the Court will not endeavor to faithfully reproduce every allegation contained in those documents in this opinion, but rather offers a representative sample.

Whereas Moore's case against Fox News focused on the collapse of her friendship with Ryanne Saucier and her family, Moore's case against KPMG focuses on Moore's friendship with Ms. Hills.[1] According to Moore, Hills was her "college roommate," though they did not go to the same college. (*Id.* at 14.) Moore and Hills each married their respective spouses in 2013, and, according to Moore, Moore's husband and Hills "seemed competitive about the weddings." (*Id.* at 15.) After the weddings, Moore and Hills "did not speak . . . as [Hills] was consumed with material things and [their] lives were going in different directions." (*Id.* at 16.)

In 2019, Moore alleges, Hills "may also [have been] involved" in what she calls a "crisis" stemming from a "[s]ocial [m]edia [i]ncident" at Ernst & Young, one of Moore's former employers. (*Id.* at 17-18.) Moore provides no further details about the incident and appears to redact information about it from her Complaint. (*Id.*)

In 2021, Moore alleges that Hills attempted to "rekindle the friendship" and shared that she "had Stage 3 Breast Cancer." (*Id.* at 18.) Moore then planned to visit Hills in 2022, but did not follow through on her plans due to the other alleged stalking incidents that she experienced. (*Id.* at 19; *see also Moore v. Fox News*. No. 1:24-CV-5471, ECF No. 1.) Later in November 2022, Moore went to an outlet mall with Hills, during which Hills "started to talk about Directors at KPMG and mentioned inappropriate relationships." (*Id.* at 20.) The same month, Moore alleges that Hills "sent [her] a text message that discussed the FBI" and then that "[t]wo Hispanic

---

[1] In the caption, Hills' name is spelled with an S. However, in the Complaint, Moore frequently refers to her as "Hill." (*See, e.g.*, Compl. at 14.) The Court uses "Hills" to match the caption, while recognizing the discrepancy in spellings.

men exited [Moore's] neighbor's apartment . . . [,] followed [her] down the elevator and studied [her]." (*Id.* at 20-21.)

Later, in 2023, Moore moved to New York and discussed potential housing options with Hills. (*Id.* at 30-31.) Hills also allegedly asked Moore, while shopping at a "Hermes store in the Upper East Side," "if [she] believed in the Illumaniti [*sic*]" and "asked [her] if [she] liked Arab men . . . in a condensing [sic] manner and made a slick comment about . . . Prince Harry and Duchess Meghan Markle." (*Id.* at 32.) Other than the fact that Hills allegedly worked at KPMG (*id.* at 16), and occasionally talked about KPMG (*see, e.g.*, *id.* at 33, 44), Moore does not allege that she had any direct contact or interaction with KPMG or its agents.

## II.     Legal Standard

Plaintiff is proceeding *pro se*. "It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020). "Nonetheless, a *pro se* complaint must state a plausible claim for relief." *Id*.

Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to make "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(d)(1) further requires that "[e]ach allegation must be simple, concise, and direct." "A complaint fails to comply with Rule 8(a)(2) if it is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Strunk v. U.S. House of Representatives*, 68 F. App'x 233, 235 (2d Cir. 2003) (summary order) (quotation marks omitted). "Complaints which ramble, which needlessly speculate, accuse and condemn, and which contain circuitous diatribes far removed from the heart of the claim do not comport with Rule 8 and must be dismissed." *Celli v. N.Y.C. Dep't of Educ.*, No. 15-CV-3679, 2016 WL 10567948, at *2 (E.D.N.Y. Dec. 24, 2016), *aff'd sub nom. Celli v. Cole*, 699 F. App'x 88 (2d Cir. 2017) (summary order) (cleaned

up). The special solicitude due to *pro se* plaintiffs does not exempt them from the already permissive minimum standards set forth in Rule 8. *See, e.g., Paul v. Bailey*, No. 09-CV-5784, 2010 WL 3292673, at *4 (S.D.N.Y. July 21, 2010).

Rule 12(b)(6) authorizes a district court to dismiss a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss for failure to state a claim, a complainant must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This means that a complaint is properly dismissed where "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. A complaint is also properly dismissed "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

Finally, the Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that a "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("An action is 'frivolous' when

4

either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (quotation marks and citation omitted).

### III.   Discussion

Even construing Moore's pleadings with the "special solicitude" due to *pro se* pleadings, *Triestman*, 470 F.3d at 475, the Court concludes that the allegations do not plausibly allege an actionable violation of her rights.  The Court must not dismiss a complaint simply because the facts alleged appear to be "unlikely," *Denton*, 504 U.S. at 33, but a finding of factual frivolousness is warranted when the facts alleged are "clearly baseless," "fanciful," "fantastic," "delusional" or "wholly incredible," "whether or not there are judicially noticeable facts available to contradict them."  *Id*. at 32-33; *see also Livingston*, 141 F.3d at 437.  "Plaintiff's beliefs—however strongly [s]he may hold them—are not facts."  *Morren v. N.Y. Univ.*, No. 20-CV-10802, 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report and recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022).

Here, Moore does not allege any conduct on the part of either Hills or KPMG that rises to the level of a cognizable legal harm.  Nor does she provide any plausible factual support for her claims of stalking.  The Complaint therefore does not satisfy the minimal standards of coherence and rationality required by Rule 8.  The combination of the lack of any factual support for Moore's allegations along with their outlandish nature also renders the Complaint frivolous.  *Cf. Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (summary order) (upholding a district court's determination that a complaint was frivolous based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him").

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Here, Moore's allegations are "vague" and "incomprehensible," and the Court cannot discern any claims that are not "frivolous on their face." *Cf. Salahuddin*, 861 F.2d at 43. Because the defects in Moore's complaint cannot be cured, the Court declines to grant her leave to amend.

### IV.   Warning

Plaintiff has filed multiple suits with claims similar to those brought in this action, some of which also name the same defendants. *See, e.g., Moore v. Stripe*, No. 24-CV-2799 (S.D.N.Y. Apr. 11, 2024) (suing Stripe, Inc. based in part on the same underlying stalking allegations); *Fox News*, No. 24-CV-5470; (claims of interstate stalking); *Moore v. Scenic Prods.*, No. 24-CV-5413 (S.D.N.Y. July 11, 2024) (same); *Moore v. Georgia*, No. 24-CV-5545 (S.D.N.Y. July 18, 2024) (same); *Moore v. Vanderbilt Univ.*, No. 24-CV-5533 (S.D.N.Y. July 17, 2024) (same).

Plaintiff is warned that, should she file future actions in this court that are duplicative or frivolous, the Court may enter an order barring her from filing new actions *in forma pauperis* unless she receives permission from the Court to do so. *See* 28 U.S.C. § 1651.

### V.   Conclusion

KPMG's motion to dismiss is hereby GRANTED, and Plaintiff's complaint is hereby dismissed with prejudice in its entirety pursuant to Rule 8(a) and is deemed frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The Court warns Plaintiff that, should she file future actions in this court that are frivolous or duplicative, the Court may enter an order barring her from filing new actions *in forma pauperis*, unless she receives permission from the Court. *See* 28 U.S.C. § 1651.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment of dismissal, to terminate all open motions, and to close this case.

SO ORDERED.

Dated: October 30, 2024
       New York, New York

_____
J. PAUL OETKEN
United States District Judge